UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DALIA S. ALKAYYALI,

    Plaintiff,                                                Case No. 0:22-cv-60837

v.

FIRST FEDERAL CREDIT CONTROL, INC.,

    Defendant.
_____/

# COMPLAINT

**NOW COMES** DALIA S. ALKAYYALI ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of FIRST FEDERAL CREDIT CONTROL, INC., ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in this District, Plaintiff resides in this District, and a substantial

1

portion of the events or omissions giving rise to the claims occurred within the Fort Lauderdale Division.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Florida.

5. Defendant is a corporation organized under the laws of Cleveland, Ohio.

6. Defendant has a principal place of business located at 24700 Chargin, Blvd, Suite 205, Cleveland, OH 44122.

7. Defendant is a debt collection agency.[1] Defendant regularly collects upon consumers located within the state of Florida.

## FACTS SUPPORTING CAUSE OF ACTION

8. At some point in time, Plaintiff obtained medical services that required a radiology exam resulting in a balance owed ("subject debt").

9. On or around February 14, 2022 Plaintiff received a dunning letter from Defendant attempting to collect upon the subject debt ( the "February letter").

10. Defendant's letter specifically stated "If you write to use by 03/26/22, we must stop collection on any amount you dispute until we send you information that shows you owed the debt. You May use the form below or write to use without the form.

---

[1] www.ffcc.com (last accessed on April 7, 2022).

Your may also include supporting documents. We accept disputes electronically at www.ffcc.com/disputes."

11. On or around March 16, 2022, Plaintiff received another dunning correspondence from Defendant attempting to collect the subject debt (the "March letter").

12. The March letter stated as follows: "The Account listed above is Due In Full. If not paid, this debt will be reported to a National Credit Bureau. This is a Demand for Payment in Full."

13. Plaintiff was perplexed as she believed she had until March 26, 2022 to dispute the validity of the subject debt. Defendant's March 16, 2022 overshadowed Plaintiff's legal right to dispute the validity of the subject debt.

14. Defendant's conduct harmed Plaintiff and consumers in general as its practice of sending multiple letters, which contradict each other, in reference to the same debt creates unnecessary confusion in consumers and results in a misrepresentation of Plaintiff's rights and Defendant's obligations under the FDCPA.

15. Defendant's conduct violated Plaintiff's substantive right to be free from deceptive and misleading debt collection communications.

16. Troubled by Defendant's conduct and collection practices, Plaintiff retained counsel.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

### Violation(s) of 15 U.S.C. § 1692e

17. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

   (A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

18. Defendant violated 15 U.S.C. § 1692e and e(2) by falsely representing the status of the subject debt.

19. Specifically, Defendant's March letter demanded payment, prior to the deadline in Defendant's February letter provided Plaintiff for validation.

20. Defendant violated 15 U.S.C. §1692e(10) by employing deceptive means in an effort to collect the subject debt.

21. Specifically, it was deceptive for Defendant to send both the February and March letters, which contradict Plaintiff's rights.

22. Accordingly, Defendant's conduct in falsely represented to Plaintiff that she had until March 26, 2022 to dispute / validate the debt, yet sent her written communication prior to that deadline demanding full payment.

## COUNT II:
## Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

### Violation(s) of 15 U.S.C. § 1692f

23. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable mean to collect or attempt to collect any debt.

24. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means in an attempt to collect the subject debt.

25. Specifically, Defendant's attempt to dupe Plaintiff into making a payment prior to the validation period expiring is unfair and unconscionable by any standard.

**WHEREFORE**, Plaintiff requests the following relief:

a. Finding Defendant violated 15 U.S.C. §§ 1692e, e2(a), e(10), and f;
b. An award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);
c. An award of such additional damages, as the Court may allow, but not exceeding $1,000.00;
d. An award of costs of this action, together with reasonable attorney's fees as determined by this Court; and
e. An award of such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: April 29, 2022                              Respectfully Submitted,

                                                   /s/ Alexander J. Taylor
                                                   Alexander J. Taylor, Esq.
                                                   Florida Bar No. 1013947
                                                   *Counsel for Plaintiff*
                                                   Sulaiman Law Group, Ltd
                                                   2500 S Highland Ave, Suite 200
                                                   Lombard, IL 60148
                                                   Telephone: (630) 575-8181
                                                   ataylor@sulaimanlaw.com